IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FARRON KELLY, # B-69492,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12-1089-GPM |
| | ) |
| **MR. LANGSTON, KAREN JAIMET,** | ) |
| **DYLAN LUCE, LT. FELKNER,** | ) |
| **DAN FIELDS, LT. OEHLSEN,** | ) |
| **and JOHN COX,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Western Illinois Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that occurred while he was confined at Vienna Correctional Center ("Vienna"). Plaintiff is currently serving a seven year sentence for burglary. Plaintiff claims that he was the target of racial discrimination, and that his grievances filed over the incident were mishandled.

More specifically, Plaintiff, who is African-American, claims that on October 12, 2010, he and several other inmates went to shop at the commissary. Defendant Langston allegedly restricted the items Plaintiff was allowed to purchase, and did the same for other Black and Latino inmates. However, he allowed a white inmate to shop for any items he wanted without restriction (Doc. 1, p. 5). Defendant Felkner (the commissary clerk) responded to Plaintiff's complaints by threatening to lock him up in segregation, and Defendant Langston again denied the minority inmates full access to commissary when they returned.

Plaintiff filed grievances over this issue, but Defendants Luce, Jaimet, Fields, McGlone,[1] and Oehlsen mishandled or lost the grievances, responded improperly, pressured and harassed Plaintiff to drop the grievances, and destroyed one or more of his exhibits (Doc. 1, pp. 5-6). Defendant Cox (Vienna Warden) failed to correct the problems raised in Plaintiff's grievances and was "negligent in managing his staff" (Doc. 1, p. 7).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Langston and Felkner for racial discrimination (Claim 1). However, the claims against Defendants Luce, Jaimet, McGlone, Fields, and Oehlsen for mishandling Plaintiff's grievances (Claim 2), and for retaliation (Claim 3) are dismissed on initial review. Likewise, the claim against Defendant Cox for failing to manage his staff or correct Plaintiff's problems (Claim 4) is dismissed.

As to Claim 2, prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). It is clear from Plaintiff's complaint that Defendants Luce, Jaimet, McGlone, Fields, and Oehlsen were involved only in handling Plaintiff's grievances. They had nothing to do with the alleged incident of racial discrimination against Plaintiff at the commissary. Thus, Plaintiff's claim against these Defendants amounts only to a failure of state prison officials to follow their own grievance procedures. This failure

---

[1] Plaintiff failed to include Defendant McGlone among the list of parties, but makes allegations against him in the body of the complaint. The Clerk shall be directed to add him as a party, however, he shall be dismissed from the action because Plaintiff fails to state a constitutional claim against him.

does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

In addition, verbal threats such as Plaintiff claims he received from Defendants McGlone and Fields do not violate an inmate's constitutional rights. *See Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").

Plaintiff refers briefly to "retaliation" (Claim 3) among the litany of offenses he claims the Defendants perpetrated upon him (Doc. 1, pp. 6, 7). However, he never explains what retaliatory actions he experienced, other than possibly the failure to address his grievances in a proper manner. As noted above, the improper handling of grievances will not sustain a constitutional claim. To state a retaliation claim, the complaint must include "a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane,* 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Murphy v. Lane,* 833 F.2d 106, 108-09 (7th Cir. 1987)). *See also Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) ("alleging merely the ultimate fact of retaliation is insufficient"). Plaintiff has not described any adverse action against him that would likely deter First Amendment activity in the future. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Instead, he merely lists "retaliation" by the Defendants as a legal conclusion. The Seventh Circuit instructs that courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Thus, Plaintiff has failed to state a claim for retaliation upon which relief may be granted.

Finally, Plaintiff has no claim against Defendant Cox (Claim 4) for mismanagement of

Vienna staff or for failing to correct the racial discrimination problem. While Defendant Cox is the supervisor of the other Defendants, this does not create liability on his part in a civil rights case. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendant Cox is "personally responsible for the deprivation of a constitutional right." *Id.* Furthermore, negligence, whether in management of staff or in any other context, can never be the basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Claim 4 against Defendant Cox shall be dismissed.

**Pending Motions**

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED IN PART AND DENIED IN PART**. It is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service at the government's expense. The Clerk shall be directed below to serve those Defendants who remain in the action. The motion is denied as to those Defendants who shall be dismissed.

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add Defendant McGlone as a party to this action. In addition, Defendant Lt. Felkner was inadvertently listed twice on the docket sheet; the Clerk shall **REMOVE** the duplicate listing.

**IT IS HEREBY ORDERED** that **CLAIMS 2, 3,** and **4** are **DISMISSED WITH PREJUDICE.** Defendants **JAIMET, LUCE, FIELDS, OEHLSEN, COX,** and **McGLONE**

are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **FELKNER** and **LANGSTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 4).

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** January 4, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge